**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

SNOGO, LLC, a Colorado
Limited Liability Company

       Plaintiff,

v.

EZ GO, LLC, a Florida
Limited Liability Company

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, SNOGO, LLC, ("Plaintiff" OR "Snogo"), by and through undersigned counsel, files its complaint to Defendant, EZ GO, LLC, ("Defendant" OR "EZ Go"), for patent infringement and in support thereof alleges as follows:

### **OVERVIEW**

1. This is a complaint seeking actual damages emanating from patent infringement arising under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, *et seq.*, including 35 U.S.C. § 271, whereby Defendants deliberately and willfully infringed on Plaintiff's United States Design Patent No. D943,913 S (the "'913 Patent") by importing, manufacturing, offering for sale, and/or selling products incorporating the design of the '913 patent.

### **THE PARTIES**

2. Plaintiff, Snogo, is a Colorado limited liability company with its principal place of business in Boulder, Colorado.

3. Defendant EZ Go, is a Florida limited liability company with its principal place of business at 3595 Sheridan St. Suite 206, Hollywood, FL 33137.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to diversity jurisdiction as defined by 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendant because:

   a. Defendant's principal place of business is based in Broward County, Florida;

   b. As more fully alleged below, Defendant has committed a tortious act within Florida which has caused damages to the Plaintiff in Florida;

   c. The Defendants have targeted sales to Florida residents by operating an Online Store that offers shipping within the United States, including Florida and this District, and accepts payment in U.S. dollars. On information and belief, the Defendants have sold additional products, beyond those purchased by Plaintiff's investigators, that infringe the '913 patent to residents of Florida. The Defendants are committing tortious acts in Florida, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury.

6. This is an action for damages in excess of $75,000.00 exclusive of interest, costs, attorney's fees, and punitive damages.

7. Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## BACKGROUND

8. Snogo sells one type of product: the Snogo Straw, which was invented and designed by Snogo's founder Arrian Wheeler in Boulder, CO. The Snogo Straw comes in various sizes but employs the same patented design which, until the summer of 2023, was wholly unique in the industry. The Snogo Straw is an inhaling device designed for fine cacao (chocolate) powder or snuff, is manufactured in a variety of high-quality materials and colorways, then marketed direct-to-consumer as a functional fashion accessory. Since its inception in 2018, Snogo has carefully cultivated and serviced a growing group of passionate ambassadors who market and refer new buyers to the brand. At the heart of Snogo's rapidly growing financial success is the proprietary and unique design of the Snogo Straw, a 3-in-1 straw and scoop utilizing a spring-loaded mechanism that never fails its user. Snogo operates a website, snogostraws.com, where consumers can purchase genuine products directly from the company.

9. At the heart of the instant case are two specific iterations of the Snogo Straw: the original Snogo Straw and the Snogo Incognito, a smaller version of the original that employs the exact same proprietary and patented technology. Defendant EZ GO, LLC in this matter has unabashedly ripped-off Plaintiff's exact design, including the Snogo Straw's patented functionality, colorways, and even its packaging; EZ GO calls its infringing product the "EZ Bumps" and has employed an onslaught of marketing techniques designed to target and capture Snogo's customers.

10. Snogo has invested hundreds of thousands of dollars in developing, producing, marketing, and selling its unique and proprietary product around the world. As such, Snogo has established considerable goodwill in its trademarks. The distinctive Snogo Straw has become synonymous with fashion and function, and the goodwill associated with Snogo is incalculable for both its present and future use.

11. Snogo has protected its innovative design through the '913 patent issued by the United States Patent and Trademark Office (the "USPTO"). A true and correct copy of the '913 patent is attached hereto as "Exhibit A."

12. In July 2023, Snogo discovered after a simple Google search that Defendant was offering infringing Snogo Straws for sale, both on its website "ezbumps.com" and an Amazon webstore. The EZ Bumps product is identical to the Snogo Straw, as set forth in "Exhibit B & B1." A true and correct copy of a printout of the "ezbumps.com" website and the Amazon store webpage listing Defendant's products for sale is attached to the Verified Complaint as "Exhibit C & C1."

13. In July 2023, Plaintiff's employee purchased infringing products from the Amazon web store to compare to the Snogo Straw. Defendant then shipped the goods purchased by Plaintiff to a residential address in Colorado. True and correct copies of photographs of Defendant's product, as received by Plaintiff, are shown in "Exhibit D."

14. On August 4, 2023, Plaintiff's counsel issued a Notice of Infringement and demand to cease and desist to Defendant and Defendant's counsel of record with the United States Patent and Trademark Office, demanding that Defendant immediately cease the sales of the EZ Bumps product. A true and correct copy of the Notice of Infringement is attached hereto as "Exhibit E."

15. Plaintiff's counsel then contacted Defendant's counsel via telephone, during which call Defendant's counsel claimed that Defendant was "unaware of the ['913] patent" and would discuss the Notice of Infringement with Defendant.

16.     To date, and despite Plaintiff's repeated requests and demands to stop selling the infringing products, Defendant continues to offer the EZ Bumps infringing product for sale on the website www.ez-bumps.com and Amazon.com.

## COMMON ALLEGATIONS

17.     In recognition of the commercial success of the Snogo Straw of the '913 patent, Defendant copied the '913 patent design. The design of EZ Bumps is the same or substantially the same as the design of the '913 patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's products believing them to be substantially the same as the design protected by the '913 patent.

18.     As the side-by-side comparison below reveals, Defendant has misappropriated Snogo's patented straw, constituting infringement of the '913 patent:



 

19. As shown above, Defendant's product has a design that is the same or substantially the same as the design of the '913 patent.

20. Snogo has not granted a license or any other authorization to Defendant to make use, offer for sale, sell, or import products that embody the design patented in the '913 patent and which is proprietary to Snogo.

21. In spite of the rights of Plaintiff, Defendant willfully and knowingly infringed Plaintiff's rights, including as to the '913 patent.

22. Defendant's wrongful conduct and infringing activities will continue unless enjoined by this Court.

**COUNT I: INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D943,913S**

Plaintiff hereby re-alleges and incorporates by reference the general allegations set forth above in Paragraphs 1-22.

23. Snogo's United States Design Patent D943,913 S (the "'913 patent") is valid and enforceable.

24. Snogo is the owner of all rights, title, and interest in and to the designs covered by the '913 patent, and Snogo is entitled to receive all damages and the benefits of all other remedies for Defendants' infringement.

25. Without permission or authorization from Snogo, Defendants have imported, manufactured, used, offered for sale, and/or sold and continue to import, manufacture, use, offer for sale, and/or sell including, without limitation, the infringing products, which embody the design covered by the '913 patent.

26. Defendants' infringing products contain each and every aspect of the claimed designs in the '913 patent.

27. Defendants' infringing products have an overall appearance that is confusingly similar to the claimed designs in the '913 patent.

28. Defendants' infringing products have an overall appearance that is substantially the same as the claimed designs in the '913 patent.

29. Defendants have actual notice of the '913 patent since at least August 4, 2023.

30. Defendants' infringement of the '913 patent has been and continues to be willful.

31. Defendants' conduct has caused and will continue to cause Plaintiff substantial damage, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '913 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making unauthorized use of any of the Snogo Straws, impressions or counterfeits thereof, or any confusingly similar variations thereof;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Snogo Straw;

(3) using any simulation, reproduction, counterfeit, copy, or confusingly similar variation of the Snogo Straw, or trade in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product;

(4) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control substantially similar to those used in conjunction with the Snogo Straws;

(5) engaging in any other activity constituting unfair competition with Snogo with respect to the Snogo Straws product, or constituting an infringement of any or all of the Snogo Straws, or of Snogo's rights in, or to use or exploit, any or all of the Snogo intellectual property;

(6) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (7) above.

B. Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away, or otherwise disposing of Defendants' goods infringing upon Snogo's '913 patent, and requiring Defendants to sequester said infringing goods as described in this Verified Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for Plaintiff and its representatives to examine, photograph, and/or copy any such goods and information;

C. For an order directing Defendants to deliver to Plaintiff and its counsel for destruction all products in their possession or under their control, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118.

D. For an order directing such other relief as the Court may deem appropriate to prevent consumers and the public in general from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Snogo's products or services.

E. For an order directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

F. For an order permitting Plaintiff to audit and inspect the books and records

of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Snogo intellectual property, including all revenues and sales related to Defendant's sale of its infringing products, as well as Defendants' compliance with orders of this Court.

G. For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' use of the Snogo Trademarks and any counterfeits thereof.

H. For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful, and knowing use of Snogo's intellectual property.

I. For an award of interest, including pre-judgment interest on the foregoing sums.

J. For a judgment that Defendants have infringed the '913 patent.

K. For a preliminary and permanent injunction enjoining Defendants and their agents, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '913 patent.

L. For a judgment and award that Defendants account for and pay to Plaintiff damages adequate to compensate for Defendants' infringement of the '913 patent, including lost profits but in no event less than a reasonable royalty.

M. For a judgment and award of Defendants' total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

N. For a judgment and award of any supplemental damages sustained by Plaintiff for any continuing post-verdict infringement of the '913 patent until the entry of

final judgment with accounting as needed.

O.     For a finding that Defendants' infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284.

P.     For an order finding that this case is an exceptional case under 35 U.S.C. § 285 and awarding Snogo its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

Q.     For an award of Plaintiff's costs and disbursements incurred in this action, including Snogo's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

R.     For such other and further relief as the Court may deem just and proper.

**Respectfully submitted,**

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiff*
175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone: 305-384-7370

By: _/s/ Richard Wolfe_
RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com

Stewart D. Cables
HASSAN + CABLES, LLC
1035 Pearl St. Suite 200
Boulder, CO 80302
stewart@hassancables.com